IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**GREGORY ROSE**                                                                                  **PLAINTIFF**
**#34800**

**v.**                                  **NO: 3:19-CV-00347-LPR**

**CATHERINE DEAN,** *et al***.**                                                       **DEFENDANTS**

## **ORDER**

On December 4, 2019, the Court directed Plaintiff Gregory Rose ("Plaintiff") to either pay the statutory $400 filing fee or file a completed Application to Proceed Without Prepayment of Fees and Affidavit within 30 days.[1] An IFP Application was sent to Plaintiff the following day. Plaintiff, however, says he has not yet received the Application.[2]

The Court notes that under the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.00.[3] If the prisoner's case is then dismissed for any reason, including a determination that it is frivolous or fails to state a claim, the full amount of the $350.00 filing fee will still be collected, and no portion of this filing fee will be refunded to the prisoner.[4]

The Court further notes that Plaintiff's complaint in this case is almost identical to his complaint in *Rose v. Galbson et al*.[5] In that case, Chief Judge D. Price Marshall Jr. dismissed Plaintiff's false arrest claim with prejudice as time-barred, dismissed the malicious prosecution

---

[1] Doc. 2.

[2] Docs. 3, 4, 5.

[3] 28 U.S.C. § 1915(b)(1).

[4] *See id.* ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee. . . .").

[5] 3:19-cv-00293-DPM (E.D. Ark. 2019), at Doc. 2.

allegations without prejudice as failing to state a claim, and declined to exercise jurisdiction over Plaintiff's state-law defamation claim.[6] Judgment was entered on November 20, 2019.[7]

If Plaintiff chooses to submit his IFP Application and he is granted IFP status, the Court anticipates the same result in this case: Plaintiff's claims will be dismissed on screening, and Plaintiff will be required to pay the $350 filing fee. But if Plaintiff chooses not to submit his IFP Application in this case, his claims will be dismissed without prejudice under Local Rule 5.5(c)(2), and no fee will be collected. The choice is left to Plaintiff.

It is therefore ORDERED that:

1. Plaintiff's Motion for Copy of IFP Application[8] is granted.

2. The Clerk shall send to Plaintiff an Application to Proceed Without Prepayment of Fees and Affidavit and a filing fee calculation sheet.

3. If Plaintiff wishes to proceed with this case, Plaintiff must, within thirty (30) days of the entry date of this Order, submit either (1) the statutory filing fee of $400; or (2) a properly completed Application to Proceed Without Prepayment of Fees and Affidavit, with the required calculation sheet signed by an authorized official of the facility at which he is confined. If he does not do one or the other within 30 days, his case will be dismissed without prejudice.[9]

IT IS SO ORDERED, this 6th day of January 2020.

Lee P. Rudofsky
UNITED STATES DISTRICT JUDGE

---

[6] *Id*. at Doc. 3.

[7] *Id*. at Doc. 4.

[8] Docs. 3, 4, 5.

[9] LOCAL RULE 5.5(c)(2).